## PEOPLE *v.* SPRIGGS.

*(Supreme Court, General Term, First Department.*   October 24, 1890.)

1. ASSAULT AND BATTERY—CRIMINAL PROSECUTION—EVIDENCE.

    The defense to an indictment for assault with a knife was that the wounds were inflicted by complainant upon himself with his own weapon. There was proof of previous ill feeling and quarrels between the parties, and that the altercation in question was begun by defendant. *Held*, that a conviction should be affirmed.

2. SAME—EVIDENCE.

    At the trial of an indictment for assault, where there was abundant evidence of ill feeling between the parties, from a variety of circumstances, further evidence tending to show another motive therefor was excluded. *Held*, that this was not ground for reversal of a conviction.

3. CRIMINAL LAW—INSTRUCTIONS.

    In the charge to the jury at a criminal trial the judge fully defined the element of good character as a defense, and stated its effect. *Held*, that it was not error to refuse a request to charge that evidence of good character, of itself, tends to prove that the defendant is not guilty of the offense charged.

Appeal from court of general sessions, New York county.

Indictment against Robert H. Spriggs for assault upon Charles Mayo. At the trial Mayo testified that in an altercation between them, begun by defendant, the latter wounded him with a knife. Defendant, and others on his behalf, testified that he had no knife in his possession, and was wholly unarmed, and that Mayo's wounds were inflicted by himself, with a knife held in his own hand, in the course of a struggle in which defendant was resisting an assault by complainant with the knife. There was much evidence of previous ill feeling and of quarrels between Mayo and defendant and the latter's father; and questions to Mayo on behalf of defendant as to why defendant's father would not allow Mayo, who was a horse-trainer, to train a certain filly, were excluded on objections by the prosecution. After the judge had fully instructed the jury on the subject of good character and its effect, particularly on the question of reasonable doubt, defendant's counsel requested a charge that "evidence of good character, of itself, tends to prove that the defendant is not guilty of the offense charged," which was refused. The jury found a verdict of guilty. From the judgment of conviction thereon defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Ambrose H. Purdy*, for appellant.   *John R. Fellows*, (*McKenzie Semple*, of counsel,) for respondents.

BRADY, J. This case presents very little for consideration. The jury, on conflicting evidence as to the assault charged, found for the people, and under instructions to which no exceptions could be well taken. The story of the appellant was incredible. The attempt to put upon the complainant the infliction upon himself, by his own weapon, of the wounds he received, is one of those remarkable subterfuges to which criminals resort to shield themselves from the consequence of their misdeeds. One of these wounds was in the chest, extending inward and forward, penetrating into the pericardium or sack which surrounds the heart. If the complainant entertained a suicidal intention, and tried to carry it out, this injury he might have done himself, but he was engaged in an altercation begun by the appellant, as the jury have found, the latter having a knife, which he used with felonious design, no doubt. The evidence shows a bad feeling by these parties, and a previous quarrel. Bad blood had been engendered by a variety of circumstances, and the offer in regard to the training of the filly, which was designed to further prove it, and for no other purpose, is too insignificant, under the circumstances disclosed, to receive a moment's consideration. If there were not abundant evidence of the ill feeling established by grave facts and circumstances a different view might be entertained of it. It affords, therefore, no

reason for any interference with the judgment appealed from. The learned recorder, on the element of good character, charged substantially all that he was requested to say, and certainly all that could be demanded of him. The learned counsel for the appellant, feeling, doubtless, the emergency in which his client was placed, pressed the advantage of good character beyond the limit of its legal effect. It is not a shield for crime, but an ally of the prisoner, and an important one on the question whether he would be likely to commit the crime charged, and is to be considered with the other evidence bearing upon the question of guilt. The learned recorder said: "If the evidence satisfies you in this case that this defendant is a man of good character and of peaceable habits, why, you should take that into consideration with all the other evidence in the case, and all the surrounding facts and circumstances, and give it just such weight as you think it is justly and properly entitled to." And again, while discussing the existence of a reasonable doubt, he said: "A reasonable doubt may arise out of the evidence of good character where a party charged with a criminal offense offers evidence tending to show that he has heretofore borne a good character. That in itself will sometimes create in the minds of a jury that reasonable doubt, to the benefit of which, I have already told you, the defendant is entitled if it exists in this case." There are no exceptions on the record, therefore, available for a new trial. The learned counsel for the appellant has done all for his client that he could do, and all that could be done, but the facts are too conclusive, and the defense too evasive, to leave any doubt of the appellant's guilt. The complainant's ill feeling was suppressed, but the appellant's was too flagrant to be restrained, and he indulged it until it culminated in crime. The judgment appealed from should, for these reasons, be affirmed. Ordered accordingly.

All concur.